Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Secured Creditor*
HSBC Bank USA, National Association as Trustee
for Sequoia Mortgage Trust 2004-9

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-17469-SK |
| EMMA I. OCAMPO, | Chapter 13 |
| Debtor. | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| | 341(a) MEETING:<br>DATE: September 25, 2020<br>TIME: 9:00 AM<br>PLACE: VIDEO CONFERENCE |
| | CONFIRMATION HEARING:<br>DATE: December 10, 2020<br>TIME: 10:00 AM<br>CTRM: 1575 |

HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2004-9[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Emma I. Ocampo (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on Creditor's Proof of Claim No. 2, the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

-1-    Case No. 2:20-bk-17469-SK
**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

## 1) INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to properly provide for Creditor's claim and is not feasible. Specifically, Debtor's Plan fails to provide for a cure of Creditor's pre-petition claim in full and Debtor lacks adequate disposable income to fund the Plan as proposed and cure the pre-petition arrears owing to Creditor over the duration of the Plan. Debtor's Plan indicates Debtor's intention to obtain a loan modification from Creditor though there is currently no active loss mitigation review. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan.

## 2) STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor Emma I. Ocampo and Rodney Marinduque (collectively the "Borrowers"), and dated July 23, 2004, in the original principal sum of $472,800.00 (the "Note"). A copy of the Note is attached to Creditor's proof of claim no. 2 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 19127 Amber Valley, Walnut, CA 91789 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 2 as filed in the instant bankruptcy case and incorporated herein by reference.

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See CCR, Claim No. 2.

4. The terms of the Subject Loan were subsequently modified pursuant to a Home Affordable Modification Agreement. A copy of the Home Affordable Modification Agreement is attached to Creditor's proof of claim no. 2 as filed in the instant bankruptcy case and incorporated herein by reference.

5. On August 17, 2020, Debtor filed the instant Chapter 13 bankruptcy petition in the

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

1 | United States Bankruptcy Court for the Central District of California, Los Angeles Division, and was
2 | assigned case number 2:20-bk-17469-SK.

3 |     6.    On August 28, 2020 the Debtor filed her Chapter 13 Plan (the "Plan") providing for
4 | monthly payments to the Trustee in the total amount of $100.00, for 6 months, then $830.00, for the
5 | remaining 54 months of the Plan. Of the sum paid to the Chapter 13 Trustee, Creditor will be paid
6 | $623.28 per month for 60 months on its pre-petition arrears, which are listed in the amount of
7 | $37,396.87. (See Docket No. 13).

8 |     7.    On August 28, 2020 the Debtor filed Schedules I and J reflecting disposable income
9 | in the amount of $110.12 per month. (See Docket No. 14).

10 |     8.    On September 4, 2020, Creditor filed its proof of claim (the "Proof of Claim")
11 | secured by the Subject Property with a total outstanding balance in the amount of $591,697.13, and a
12 | pre-petition arrearage claim of $50,417.03. See CCR, Claim No. 2.

13 |     9.    Debtor's Plan indicates Debtor's intention to obtain a loan modification with Creditor
14 | though there is no active loss mitigation review pending as of the filing of this Objection.

### 3) ARGUMENT

**A.   DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

    **1.    Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In

re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for the cure of Creditor's pre-petition arrears. As previously discussed, Creditor's claim for pre-petition arrears is in the total amount of $50,417.03. See CCR, Claim No. 2. However, the Debtor's Chapter 13 Plan provides for the cure of only $37,396.87. As the Debtor's Plan fails to provide for a cure of Creditor's pre-petition arrears, it fails to satisfy 11 U.S.C. Section 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

**2. Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Does Not Promptly Cure Creditor's Pre-Petition Arrears as Required Under 11 U.S.C. § 1322(b)(5).**

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. Creditor's secured claim consists of $50,417.03 in pre-petition arrears, however, Debtor's Plan provides for the cure of only $37,396.87 in arrears. As a result, Debtor will have to increase her monthly payment through the Chapter 13 Plan to Creditor to approximately $840.29 in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months. As the Debtor's Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

**3. Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Is Not Feasible.**

11 U.S.C. Section 1325(a)(6) requires debtors to be able to make all plan payments and to comply with the terms set forth in the plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. In re Craig, 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing In re Anderson, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Here, the Debtor has not provided sufficient evidence that her Chapter 13 Plan is feasible.

Debtor's Schedule J indicates that the Debtor has disposable income of $110.12 per month. However, the Debtor proposes to apply $830.00 per month to her Chapter 13 Plan starting in month 7. In addition, the Plan understates the pre-petition arrears owing to Creditor by $13,020.16 which

will require increased plan payments of at least $840.29 in order to cure the pre-petition arrears owing to Creditor over a period not to exceed sixty (60) months. Although the plan indicates Debtor will apply for a loan modification with Creditor, at the present time there is no active loss mitigation review. As the Debtor's proposed Plan payment exceeds her monthly disposable income and Debtor lacks adequate disposable income to provide for a prompt cure of the pre-petition arrears owing to Creditor in sixty (60) months as required by 11 U.S.C. Section 1322(b)(5), Debtor's Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed.

WHEREFORE, Creditor respectfully requests:

i) That confirmation of the Debtor's Chapter 13 Plan be denied; or

ii) Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in Creditor's Proof of Claim to be paid within a period not to exceed sixty (60) months; and

iii) That Debtor file amended schedules to support the feasibility of the amended plan payments required to cure the pre-petition arrears owing to Creditor over sixty (60) months; and

iv) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 18, 2020

ALDRIDGE PITE, LLP

By. /s/Joseph Delmotte
JOSEPH C. DELMOTTE (SBN 259460)
Attorneys for *Secured Creditor*
HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2004-9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4375 Jutland Drive, Suite 200  P.O. Box 17933  San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled (*specify*): Objection to Confirmation will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 23, 2020    I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Debtor's Attorney:** Stephen S Smyth  stephen@smythlo.com
**Chapter 13 Trustee:** Kathy A Dockery (TR)  EFiling@LATrustee.com
**U.S. Trustee:**  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) October 23, 2020    I caused the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding to be served by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:**
Emma I. Ocampo
19127 Amber Valley Drive
Walnut, CA 91789

**Presiding Judge:**
Honorable Sandra R. Klein
Central District of California - Los Angeles Division
U.S. Bankruptcy Court
Roybal Federal Building
255 East Temple Street, Room 1582
Los Angeles, CA  90012-3300

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)    , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 23, 2020 | CIARA M. REBOYA | /s/ CIARA M. REBOYA |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE